15 A.3d 15

IN THE MATTER OF ARTHUR E. SWIDLER, AN ATTORNEY
AT LAW (ATTORNEY NO. 043421984).

March 8, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–235, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **ARTHUR E. SWIDLER,** formerly of **TRENTON,** who was admitted to the bar of this State in 1985, and who has been suspended from the practice of law since August 13, 2010, should be suspended from practice for a period of six months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.7(a) (concurrent conflict of interest), *RPC* 1.15(a) (failure to hold funds of third persons separate from the lawyer's own property), *RPC* 4.1(a)(2) (failure to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), *RPC* 8.4(c) (conduct involving dishonesty, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that the term of suspension should be consecutive to the three-month term of suspension ordered on July 19, 2010, effective August 13, 2010;

And good cause appearing;

It is ORDERED that **ARTHUR E. SWIDLER** is suspended from the practice of law for a period of six months, effective November 14, 2010; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.